# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

                                Case No. 21-20720

v.

                                Hon. Denise Page Hood

BRETT DAUPHINAIS,

        Defendant.

_____/

## ORDER GRANTING MOTION TO SUPPRESS EVIDENCE and SETTING STATUS CONFERENCE DATE

## I.  BACKGROUND

This matter is before the Court on Defendant Brett Dauphinais's Motion to Suppress Evidence based on lack of probable cause when the search warrant was issued. The Government responds there was probable cause to issue the search warrant and, even if there was no probable cause, the good faith exception applies and the evidence seized should not be suppressed.

On November 12, 2021, a search warrant for a residence on W. Cambourne Street, Ferndale, Michigan was approved and issued by a magistrate judge. Items to be seized included, among others: controlled substances and/or listed chemicals; records documenting acquisition,

manufacture, purchase, sale or distribution of controlled substances; equipment used to manufacture controlled substances, including tableting machines, encapsulating machines, mixers, granulators, scales, flasks, heat sealers, pill counters, burners, other laboratory equipment, and pill binders, such as Firmapress, or microcrystalline cellulose that become part of the finished controlled substance product.  The search warrant was executed on November 16, 2021 and evidence seized, including the pill tableting, controlled substances, firearms and drug paraphernalia.

An Indictment against Dauphinais was filed on November 30, 2021 (ECF No. 1), superseded on February 8, 2022 (ECF No. 3) alleging: Possession with Intent to Distribute a Controlled Substance (Psilocyn/Psilocybin), 28 U.S.C. § 841(a)(1) (Count One); Possession with Intent to Distribute a Controlled Substance (Marijuana), 28 U.S.C. § 841(a)(1) (Count Two); Unlawful Possession of a Tableting Machine to Manufacture Controlled Substance, 21 U.S.C. § 843(a)(6) (Count Three); Possession of a Firearm in Furtherance of a Controlled Substance Distribution Offense, 18 U.S.C. § 924(c) (Count Four); and, Maintaining a Drug Controlled Premises, 21 U.S.C. § 856 (Count Five), and Forfeiture Allegations.  (ECF No. 3, Superseding Indictment)

The Sealed Affidavit submitted by the Affiant and sworn to on November 11, 2021 before the Magistrate Judge sought a search warrant for the Cambourne Street, Ferndale address. Affiant has been a DEA Special Agent since January 2018, a licensed attorney since 2009, and received specialized training in narcotics investigations and identification, as well as the laws of search and seizure. The Affiant has been involved in electronic surveillance, debriefing of defendants, witnesses and informants, and obtained knowledge of the distribution and transportation of controlled substances. The Affiant has obtained information involving unlawful possession and distribution of legally manufactured chemicals, controlled substances, and equipment, including tableting machines.

The Affiant asserts that on November 2, 2021, investigators received notification from the DEA Diversion Control Import/Export Section of a suspicious transaction related to a tableting machine shipped to an address in Michigan. Such a machine is a regulated machine. Title 21, Code of Federal Regulations, §1310.05(b)(2). The tableting machine was listed as a Model TDP 5 Desktop Tablet Press, sold by and shipped from LFA MACHINES DFW LLC (LFA), Fort Worth, Texas. The tableting machine is powered by an electric motor capable of producing up to 4,800 tablets per

hour and is able to press tablets of any shape. The listed retail price is $2,599.00.

Records from LFA shows that Dauphinais was listed as the intended recipient of the tableting machine at 1226 E. Sixth Street, Royal Oak, MI 48067, according to the Affiant.  This address was flagged because it is a residential address, rather than a business address.  Affiant asserts that in their experience, it is unusual for a private individual to purchase a tableting machine.  Investigators received all information from LFA, based on an administrative subpoena, relating to any machine made by Dauphinais and the Royal Oak address, including shipment tracking information, customer contact information.  LFA records showed that Dauphinais ordered the TPD 5 tableting machine on October 20, 2021.  A Due Diligence Form, required to purchase a tableting table, listed that Dauphinais intended to use the press "for R&D with sugar tablets and different superfood tablets such as ex. Bee Pollen, Reishi, monk fruit and goji berry tablets." LFA records indicated that Dauphinais also ordered 1 kg of baby blue Firmapress (a binding agent in making pills), one TDP punch die-modified ball 5-6 mm, one kg of Firmaoil and two kg of Sucrose, DC.  Affiant stated  that it is unusual for a person intending to use the tableting press to create "superfood" with an artificial

blue coloring rather than natural/organic color.  The baby blue Firmapress utilizes food grade coloring agent.

Affiant stated that oxycodone is sold and consumed in a baby blue round shaped tablet and that a tableting machine is required to manufacture these tablets.   Affiant further stated that an average oxycodone 30 mg tablet weighs about 100 mgs, and, based on the Firmapress purchased by Dauphinais, about 10,000 counterfeit oxycodone 30 mg tablets could be manufactured.   The Affiant indicated that an average oxycodone 30 mg tablet is approximately 6 mm in size, which is the same size of die that Dauphinais purchased from LFA.  The Affiant stated that based on training and experience, manufacturing counterfeit pills is extremely profitable for drug dealers.

Investigators surveilled the Royal Oak address on November 8, 9 and 10, 2021.  On November 10, 2021, at approximately 11:30 a.m., a FedEx freight truck pulled up to the residence.  Dauphinais and another individual were in another vehicle near the driveway of the one car detached garage. Dauphinais met with the FedEx driver and signed for the package.  The package in a crate was unloaded by the FedEx driver, who thereafter left. Dauphinais and the other individual removed the packaging, backed the vehicle to the package, opened the rear hatch of the vehicle and lifted the

5

package into hatch are of the vehicle.  The vehicle, with Dauphinais and the other individual, left the area and directly drove to the Cambourne Street address in Ferndale, the Target Location on the search warrant.  The Affiant indicated that based on prior investigations involving illegal counterfeit pharmaceutical production, individuals would purchase a machine to be delivered to one address, and then moved to another address, obscuring the true location of the equipment from law enforcement and is inconsistent with someone with a legitimate and legal purpose for the purchase.

Dauphinais and the other individual thereafter left the Cambourne Street residence and went to another residence on Woodland Street, Ferndale, MI.  They left that residence carrying a heavy, large, black rectangle box or tabletop, loading it into the trunk of the vehicle they drove in and returned to the Cambourne Street residence in Ferndale.

Affiant stated that based on recent investigations involving suspicious orders of tableting machines, illegal pill-press operations were discovered. Affiant submitted that there was probable cause to believe that Dauphinais purchased and intended to use the tableting machine at the Cambourne Street in Ferndale, the Target Location, for potential illegal production of controlled substances for further distribution.

## II.      ANALYSIS

Dauphinais argues that the affidavit supporting the search warrant is defective in that there are no facts establishing a nexus between the premises to be searched and the crimes alleged in the search warrant.   The only probable cause he argues is based on his status as a purchaser of a tablet making machine.   Dauphinais moves to suppress the evidence seized based on the search warrant.   The Government opposes the motion, asserting that the affidavit supports the search warrant issued and that the good faith exception applies, even if there is no probable cause to issue the warrant.

Generally, the Fourth Amendment requires officers to obtain a warrant prior to conducting a search.   *United States v. Smith,* 510 F.3d 641, 647 (6th Cir. 2007).   "A warrant will be upheld if the affidavit provides a 'substantial basis' for the issuing magistrate to believe 'there is a fair probability that contraband or evidence of a crime will be found in a particular place.'"   *Id.* at 652 (quoting *Illinois v. Gates,* 462 U.S. 213, 238 (1983)).    The probable cause standard is a "practical, non-technical conception" that leads with the "factual and practical considerations of everyday life."   *United States v. Frazier,* 423 F.3d 526, 531 (6th Cir. 2005)(quoting *Gates,*    42 U.S. at 231).    "Courts should review the sufficiency of the affidavit in a commonsense, rather than hypertechnical

manner." *United States v. Greene,* 250 F.3d 471, 479 (6th Cir. 2001).

"[R]eview of an affidavit and search warrant should rely on a 'totality of the

circumstances' determination, rather than a line-by-line scrutiny." *Id.* A

magistrate judge's determination of probable cause should be paid great

deference by a reviewing court. *United States v. Allen,* 211 F.3d 970, 973

(6th Cir. 2000)(en banc). A court's review of the sufficiency of the evidence

supporting probable cause is limited to the information presented in the four-

corners of the affidavit and the court cannot consider any other testimony.

*Frazier,* 423 F.3d at 531. "To justify a search, the circumstances must

indicate why evidence of illegal activity will be found 'in a particular place.'

There must, in other words, be a 'nexus between the place to be searched

and the evidence sought.'" *United States v. Carpenter,* 360 F.3d 591, 594

(6th Cir. 2004).

If an affidavit is found to be defective, the Supreme Court has held

that the exclusionary rule be modified, "so as not to bar the admission of

evidence seized in reasonable, good-faith reliance on a search warrant that is

subsequently held to be defective." *United States v. Leon,* 468 U.S. 897, 905

(1984). Searches pursuant to a warrant will rarely require any deep inquiry

into reasonableness, for a warrant issued by a magistrate normally suffices to

establish that a law enforcement officer acted in good faith in conducting the

search.  *Id.* at 922.  The good faith inquiry is to be made objectively and the following exceptions to the good faith inquiry may be considered:  1) the supporting affidavit contained knowing or reckless falsity; 2) the issuing magistrate wholly abandoned his or her judicial role; 3) the affidavit is so lacking in probable cause to render official belief in its existence entirely unreasonable; or 4) the officer's reliance on the warrant was neither in good faith nor objectively reasonable.  *Id*. at 923.

The Court looks at the four-corners of the affidavit in determining whether probable cause existed to issue the search warrant.  Here, there is no dispute that the tablet making press was purchased by Dauphinais, who was observed taking the delivery at the Royal Oak address, then moving the package to the Cambourne Street, Ferndale address, the Target Location in the search warrant.  The affidavit stated that the Affiant had experience that purchasing a tablet making press by an individual, delivered to a residence, is unusual. The Affiant further stated that moving such an item from the delivery address, to another location, is used to hide the real location from law enforcement and also is inconsistent from a legitimate use at a delivery location. The Affiant also had experience that the other items purchased by Dauphinais, along with the tablet making press, were used to manufacture counterfeit pills.

The Sixth Circuit Court of Appeals has stated that an "officer's 'training and experience' may be considered in determining probable cause" *United States v. Martin,* 920 F.2d 393, 399 (6th Cir. 1990); *United States v. Schultz,* 14 F.3d 1093, 1097-98 (6th Cir. 1994).  However, it cannot be a substitute for the lack of evidentiary nexus that criminal activity occurred in a place to be searched.  *Schultz,* 14 F.3d at 1097.  In this case, the Affiant had sufficient training and experience that a tablet making press and other items are used to make counterfeit controlled substances pills. Even with this experience and that the tablet making press was moved and other items were moved to the Target Address, there are no facts showing that illegal pill making was in fact taking place at this address.  There are no observations that pills were made and taken out of the Target Address for distribution. The Court finds that there was no probable cause for a search warrant at the Target Address in Ferndale, Michigan since, other than the tablet making press being moved to this location, there is insufficient nexus between the Target Address and evidence of illegal pill making.

Applying the good faith inquiry under *Leon*, the Court finds that the evidence must be suppressed.  Dauphinais has not shown that the supporting affidavit contained knowing or reckless falsity.  All the statements in the affidavit appear to be true.  Dauphinais has not shown that the issuing

10

magistrate judge wholly abandoned his or her judicial role.  No such allegations has been shown.  There is also nothing shown by Dauphinais that the law enforcement officers executing the warrant did not rely on the warrant in good faith.

However, the Court finds the affidavit was so lacking in probable cause to render official belief in its existence entirely unreasonable.  The affidavit set forth the use of table making press, that it was unusual for such to be delivered to a residential address, and that along with the other items purchased, those are all used to manufacture counterfeit pills.  Dauphinais was observed taking the delivery of the table making press from one address, and then moved to a different location.  The statement by the Affiant that this is done to evade law enforcement suspicions may be true in the Affiant's experience.  Other than this belief, the affidavit does not identify any other activity in and out of the Ferndale address indicating that  an illegal pill making operation occurred at that address. There is no evidence that individuals were in and out of the Ferndale address excessively or suspiciously.  There is also no evidence that other suspicious items and packages were delivered to the Ferndale address or brought from a different address to the Ferndale address.  Moving one object from one location to

11

another does not support a finding of probable cause that an illegal drug business was being run at the Ferndale address.

Because all of the *Leon* good faith exception factors have not been met, the evidence found at the Ferndale address as a result of the search warrant execution must be suppressed.

## III.   CONCLUSION/ORDER

For the reasons set forth above,

IT IS ORDERED that the Motion to Suppress Evidence (ECF No. 12) is GRANTED.

IT IS FURTHER that a Status Conference is set for December 8, 2022, 11:00 a.m.

s/Denise Page Hood
DENISE PAGE HOOD
United States District Judge

DATED: November 18, 2022

12